**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DR. REX A. CUMMINGS,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:05-cv-00553

STATE FARM FIRE AND CASUALTY
COMPANY and GREGORY W. GAULT,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 4] the case to the Circuit Court of Jackson County, West Virginia. The plaintiff contends that the potential sum of damages in controversy does not exceed the $75,000 jurisdictional minimum and that as a result, the court cannot entertain subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons discussed below, the plaintiff's Motion to Remand is **DENIED.**

**I.     Background**

The plaintiff, Dr. Rex A. Cummings d/b/a Family Eye Care, filed a claim on February 22, 2005, against State Farm Fire and Casualty Company (State Farm) in the Circuit Court of Jackson County. The complaint alleges that State Farm should have paid Dr. Cummings' claim for loss of business income due to damage incurred by a severe electrical storm on February 22, 2003. The complaint asserts four counts: 1) breach of the insurance contract; 2) violation of the West Virginia Unfair Claims Settlement Practices Act as set forth in § 33-11-4 of the West Virginia Code; 3)

breach of the implied covenant of good faith and fair dealing; and 4) punitive damages. State Farm filed a timely notice of removal [Docket 1], but Cummings objected to this removal and filed a Motion to Remand on the grounds that the case does not fall within the court's diversity jurisdiction.

**II.     Discussion**

An action may be removed from state court to federal court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(b) (2000). The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). State Farm asserts jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between (1) Citizens of different States ...."

Cummings is a citizen of West Virginia and State Farm is a citizen of Illinois for the purposes of determining diversity; therefore, the parties are diverse. In addition to complete diversity among the parties, the amount in controversy must exceed $75,000. This court has adopted a preponderance of the evidence standard for making this calculation. *Sayre v. Potts*, 32 F. Supp. 2d 881, 885 (S.D. W. Va. 1999). The defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

To determine the amount in controversy, the court will consider the judgment that would be entered if the plaintiff prevailed on every part of the case at the time of removal. *Id*. at 886. The court may examine the entire record, but the face of the complaint is the starting point of this analysis. *Id.* at 887. The court finds that the plaintiff's claim in Count One is at least $30,000.

Complaint at ¶ 17. Also, State Farm contends this claim may be closer to $44,000 as the amount is based on calculating the number of hours spent in restoring information to Cummings' damaged computers. Response to Plaintiff's Objection at 9 n.5.

Count Two seeks damages for an alleged violation of West Virginia's Unfair Claims Settlement Practices Act. Complaint at ¶¶ 19–20. Under this claim, Cummings may recover his increased costs and expenses, which may potentially include increased attorney fees, resulting from the insurance company's use of an unfair business practice in the settlement of Cummings' claims. *See McCormick v. Allstate Ins. Co.*, 475 S.E.2d 507, 515 (W. Va. 1996) (analyzing the available relief for this type of claim).

Count Three consists of at least five allegations of the breach of the implied covenant of good faith and fair dealing. Complaint at ¶¶ 21–22. Cummings may recover the same types of remedies on this claim as he may recover under Count Two. For the claims asserted in Counts Two and Three, punitive damages also may be appropriate if actual malice is proved based on aggravation, annoyance, and inconvenience. *McCormick*, 475 S.E.2d at 515. In the past, the court has determined that it would not be unreasonable for a plaintiff to be awarded more than $75,000 for annoyance, aggravation, and inconvenience in certain situations. *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999). In the present case, Cummings allegedly has incurred significant expenses in restoring his business's database, which contained the records and financial statements for 13,608 patients. Complaint at ¶ 12. The court finds that it would not be unreasonable for Cummings to be awarded more than $75,000 for the annoyance, aggravation, and inconvenience incurred in restoring his business's records and inventory.

In Count Four, Cummings also claims punitive damages. Complaint at ¶ 23–24. Considering the allegations made in the complaint, the court finds that it would not be unreasonable for an award of punitive damages to exceed the amount of requested compensatory damages. *Cf. Weddington*, 59 F. Supp. 2d at 584 (finding in a similar case that a punitive damage award could "far exceed" the compensatory damages). Cummings also will be able to recover attorney fees if he prevails, which would increase the amount of recovery.

**III. Conclusion**

Based on the face of the complaint, this court **FINDS** that State Farm has proven by a preponderance of the evidence that the requisite amount in controversy is met. The court also **FINDS** that the plaintiff's post-removal stipulation to limit the amount sought to $75,000 is irrelevant in determining the amount in controversy. Only a binding, pre-removal stipulation is helpful to an amount in controversy analysis. *Campbell v. Rests. First/Neighborhood Rest., Inc.*, 303 F. Supp. 2d 797, 798 (S.D. W. Va. 2004).

Accordingly, the plaintiff's Motion to Remand the case to the Circuit Court of Jackson County, West Virginia, is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   August 30, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE